# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

BELKYS DE LOS ANGELES CENTENO
CENTENO

                    Plaintiff,

        v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

                    Defendant.

Case No. _____

**COMPLAINT FOR INJUCTIVE
AND DECLARATORY RELIEF**

## INTRODUCTION

1.      Plaintiff Belkys De Los Angeles Centeno Centeno brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*., to compel Defendant U.S. Citizenship and Immigration Services (USCIS) to immediately release the records contained in her immigration case file, known by USCIS as an Alien File or A-File.

2.      On July 18, 2025,  Plaintiff, Belkys De Los Angeles Centeno Centeno, submitted a FOIA Request to Defendant. The Request sought the entire contents of Plaintiff's A-File. *See* Exhibit A (FOIA Request). Despite its statutory obligation to do so, Defendant has failed to produce all non-exempt records responsive to the FOIA Request and Defendant has failed to produce all segregable information contained in the records responsive to the FOIA Request. Accordingly, Plaintiff is entitled to a judgment declaring that Defendant has violated FOIA and ordering Defendant to promptly produce all non-exempt records responsive to the FOIA request and promptly produce all segregable non-exempt information from the records responsive to the FOIA request.

## JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA)

and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

4.      Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this District.

5.      Defendant acknowledged receipt of the FOIA Request by sending an acknowledgment letter on July 22, 2025. *See* Exhibit B (FOIA Request Receipt Notice). Defendant produced records on August 16, 2025. Plaintiff exhausted her administrative remedies by filing an administrative appeal on September 12, 2025 to which Defendant has failed to timely respond.

**PARTIES**

6.      Plaintiff Belkys De Los Angeles Centeno Centeno, resides in   Houston, TX. She filed an A-File FOIA request filed with USCIS on July 18, 2025.

7.      Defendant USCIS is a component agency of the Department of Homeland Security and, among other duties, is the federal agency responsible for maintaining A-Files. USCIS is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiff seeks.

**FACTUAL ALLEGATIONS**

**Plaintiff's FOIA Request to Defendant USCIS**

8.      Pursuant to a nationwide permanent injunction, Defendant USCIS must cease violating FOIA's statutory deadlines in 5 U.S.C. § 552(a)(6)(A) and (B), which require determinations within 20 business days or, in the case of "unusual circumstances," within 30 business days, respectively. *See Nightingale v. USCIS*, 507 F. Supp. 3d 1193 (N.D. Cal. 2020).

9.      On July 18, 2025, Plaintiff submitted a FOIA Request to Defendant through

2

FOIA FIRST, USCIS' online web portal. The request seeks the entire contents of Plaintiff's A-File. *See* Exhibit A.

10.    Defendant acknowledged receipt of the FOIA Request on July 22, 2025. *See* Exhibit B.

11.    On August 16, 2025, Defendant responded to the FOIA request. Defendant produced 22 pages of records in full and 17  pages in part and withheld 13 pages in full. Defendant applied the 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) exemption(s) to the withheld records.

12.     The records withheld by Defendant are critical to Plaintiff's ability to challenge USCIS's dismissal of her Form I-589 asylum application. USCIS dismissed Plaintiff's asylum application on June 6, 2025, citing an expedited removal order. However, Plaintiff possesses only an incomplete Form I-860 (Notice and Order of Expedited Removal) that lacks any officer signature, supervisor concurrence, date, or certificate of service. Upon information and belief, Defendant has improperly withheld under exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) a complete, executed Form I-860 and other records relating to the alleged expedited removal order and Plaintiff's subsequent parole into the United States on May 31, 2022. These records are not properly exempt and Plaintiff has a right to obtain them. See Exhibit C (Incomplete Form I-860); Exhibit D USCIS Dismissal Notice dated June 6, 2025

13.    Defendant issued its final response to the FOIA Request on  August 16, 2025.

14.    Plaintiff filed an administrative appeal of the response on September 12, 2025 with the USCIS FOIA/PA Appeals Office, challenging the failure to produce all non exempt information contained in the responsive records. *See* Exhibit E (Administrative Appeal). The USCIS FOIA/PA Appeals Office has not acknowledged receipt of the appeal.

15.     The USCIS FOIA/PA Appeals Office did not respond to the administrative appeal within 20 business days as required by 5 U.S.C. § 552(a)(6)(A)(ii). As of the filing of this Complaint, 40 business days have elapsed since the filing of the administrative appeal, and Plaintiff has exhausted all administrative remedies.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of FOIA, 5 U.S.C. § 552(a)(8)(A)(i), (b)
### Improper Withholding of Records

16.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

17.     Defendant is obligated to release records requested under FOIA unless "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in [5 U.S.C. § 552(b)]" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i). If Defendant determines that it will not comply with a request for a record, it must provide a lawful reason for withholding any responsive records. *See, e.g.*, 5 U.S.C. § 552(a)(6)(A)(i)(I).

18.     Defendant has withheld 17 of pages of responsive record in part and 13pages in full pursuant to FOIA exemption(s) 5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E).

19.     Defendant has improperly applied FOIA exemption(s) b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) found in § 552(b).

20.     Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's withholding of the records in whole or in part.

21.     Defendant's failure to release all non-exempt records responsive to the FOIA

Request violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(i) and (b), as well as the regulations promulgated thereunder.

**COUNT TWO**
**Violation of FOIA, 5 U.S.C. § 552(a)(8)(A)(ii), (b)**
**Failure to Produce Segregable Information**

22.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

23.     Defendant is obligated to release "[a]ny reasonably segregable portion of a record . . . after deletion of the portions which are exempt under [5 U.S.C. § 552(b)]." 5 U.S.C.§ 552(b). In responding to FOIA requests, the agency must "consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible" and also "take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii).

24.     Upon information and belief, Defendant failed to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA request.

25.     Plaintiff has a legal right to obtain such segregable information, and no legal basis exists for Defendant to withhold it.

26.     Defendant's failure to release all segregable information in records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(8)(A)(ii) and (b), as well as the regulations promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a.     Assume jurisdiction over this action;

b.     Declare unlawful Defendant's failure to disclose the records requested by Plaintiff;

c.    Order Defendant to expeditiously process and disclose all responsive, nonexempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

d.    Enjoin Defendant from improperly withholding requested records;

f.    Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

g.    Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

_____

Jorge E Munoz Esq.
*Attorney in charge*

Texas Bar No. 24134374

SDTX Bar No. 3900232

2100 W Loop S Ste 1125,

Houston, TX 77027

Tel: 346-576-5000 Fax: 1800-786-3724

Email: jorge@jmimlaw.com

Dated: 11/14/2025

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be served electronically through the Court's CM/ECF system on all counsel of record who are registered CM/ECF users. Pursuant to Federal Rule of Civil Procedure 4(i), service of the summons and complaint on the United States will be accomplished by certified mail, return receipt requested, directed to (1) the Civil Process Clerk, U.S. Attorney for the Southern District of Texas, (2) the Attorney General of the United States, and (3) the Office of Chief Counsel, U.S. Citizenship and Immigration Services.

_____

   Jorge E Munoz Esq.
*Attorney in charge*

Dated: 11/14/2025

Exhibit A: FOIA Request (July 18, 2025)
Exhibit B: Acknowledgment letter (July 22, 2025)
Exhibit C: Incomplete Form I-860
Exhibit D: USCIS Dismissal Notice (June 6, 2025)
Exhibit E: Administrative Appeal (September 12, 2025)